UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
In re                           )
                                )
GITTO GLOBAL CORPORATION,       )   Case No. 04-45386-JBR
                                )
        Debtor.                 )
_____)
                                )
GARY C. GITTO,                  )
                                )
        Appellant,              )
                                )
v.                              )   Bankruptcy Appeal
                                )   No. 05CV10334-DPW
WORCESTER TELEGRAM &            )
GAZETTE, MEDIANEWS GROUP, INC., )
CHARLES L. GLERUM, EXAMINER,    )
and PHOEBE MORSE, UNITED STATES )
TRUSTEE,                        )
                                )
        Respondents.            )
_____)

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO APPELLANT'S EMERGENCY MOTION FOR
STAY OF THE BANKRUPTCY COURT'S ORDER OF
FEBRUARY 2, 2005 RELEASING THE REPORT OF THE EXAMINER**

To the Honorable Douglas P. Woodlock, United States District Judge:

The Official Committee of Unsecured Creditors (the "Committee") of Gitto Global Corporation (the "Debtor") hereby objects,[1] on a limited basis, to the *Appellant's Emergency Motion for Stay of the Bankruptcy Court's Order of February 9, 2005 Releasing the Report of the Examiner* (the "Motion") filed by Gary C. Gitto ("Gitto") to the extent that the Motion seeks to prohibit Charles L. Glerum, Esq. and his law firm, Choate Hall & Stewart (the "Examiner")

---

[1] Pursuant to 11 U.S.C. § 1109, the Committee enjoys a statutory right to appear and be heard on any issue in a case under Title 11 of the United States Code. 11 U.S.C. § 1109(b).

from transmitting to the Committee a complete and unredacted copy of the Examiner's report filed with the United States Bankruptcy Court for the District of Massachusetts, Western Division (the "Bankruptcy Court"), on January 7, 2005 (the "Report") as directed by the Bankruptcy Court's *Further Order Regarding Report of Chapter 11 Examiner* dated February 9, 2005 (the "Order").

In support of the within limited objection, the Committee respectfully states as follows:

**Background and Procedural History**

1.     On September 24, 2004 (the "Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, the Debtor continued in the possession of its property and in the management of its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.     On October 1, 2004 the Office of the United States Trustee formed the Committee pursuant to Bankruptcy Code § 1102.

3.     On October 19, 2004, the Court entered an order approving the appointment of the Examiner to investigate allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor. Following various requests by the Examiner for extensions of time to file the Report, the Court ordered the Examiner to file the Report on or before January 7, 2005.

4.     On or about December 8, 2004, the Examiner filed the *Examiner's Motion to Submit Under Seal and Have Impounded the Examiner's Preliminary Report* (the "Impound Motion") wherein the Examiner requested that the Court enter an order directing him to file the Report under seal, and to transmit the Report to the Committee, LaSalle Business Credit, LLC

(the "Lender"), and the Office of the United States Trustee (the "UST"). By order dated December 9, 2004 (the "Impound Order"), the Court granted the Impound Motion, "subject to the allowance of any future motion of any party in interest seeking release of the [Report]."

5.  Following the entry of the Impound Order, numerous persons and entities, including various news media concerns, filed motions with the Court requesting, *inter alia*, that they be provided with a copy of the Report, that the Report not be released to any person or entity, or that the Report be released only in redacted form (the "Impound Order Modification Motions").

6.  On December 13, 2004, the Court entered an order approving the *Stipulation By and Between Debtor and Official Committee of Unsecured Creditors Regarding Prosecution of Claims As and Against Debtor's Officers, Directors, Employees and Affiliates* (the "Delegation Stipulation"), pursuant to which the Committee was authorized to commence and prosecute any and all claims and causes of action that the Debtor holds as and against its current or former officers, directors, employees and affiliates, including but not limited to all claims and causes of action arising under state and federal law.

7.  On January 5, 2005, the Court held a hearing on the Impound Order Modification Motions, and the various objections thereto, including those of the Debtor and the Examiner, at which the Court entered an order modifying the Impound Order to prohibit the Examiner from, among things, transmitting a copy of the Report to the Committee or its counsel (the "Second Impound Order").

8.  On January 7, 2005, the Examiner filed the Report under seal with the Court, and neither the Committee, nor its counsel, have been provided with a copy of the Report, either in whole in or in part.

9. On or about January 25, 2005, the UST filed the *United States Trustee's Motion to Authorize Chapter 11 Examiner to Submit to the United States Trustee an Unredacted Copy of the Examiner's Report* (the "UST Impound Modification Motion") wherein the UST seeks an order of this Court modifying the Second Impound Order to permit the Examiner to provide the UST with a complete and unredacted copy of the Report.

10. On January 31, 2005, the Committee filed the *Motion of Official Committee of Unsecured Creditors for Order Directing Examiner to Provide Committee with Complete, Unredacted Copy of Examiner's Report* (the "Committee Motion") wherein the Committee sought the entry of an order directing the Examiner to immediately transmit to the Committee a complete and unredacted copy of the Report for the Committee's use in connection with the Delegation Stipulation. The basis for the Committee's request was, among others, that it is statutorily entitled to a complete and unredacted copy of the Report pursuant to 11 U.S.C. § 1106(a)(4).

11. On February 9, 2005, the Bankruptcy Court held a hearing on, among other matters, the Committee Motion, at which counsel for Gitto appeared and stated on the record that Gitto did not oppose the Committee receiving a complete and unredacted copy of the Report. Thereafter, the Bankruptcy Court entered the Order pursuant to which, among other requests, the Committee Motion was granted, and the Examiner was directed to transmit a complete and unredacted copy of the Report to counsel to the Committee on February 23, 2005.

12. On February 15, 2005, Gitto filed a motion with the Bankruptcy Court seeking a stay of the Order pending appeal to this Court. At the time of that motion, counsel to the Committee contacted counsel to Gitto and confirmed that Gitto still did not oppose the

4

Committee receiving a complete and unredacted copy of the Report. By order of even date, the Bankruptcy Court denied Gitto's request for a stay of the Order pending appeal to this Court.

### The Committee's Limited Objection

13. The Committee opposes the Motion only to the extent that it seeks to prohibit the Examiner from transmitting to the Committee a complete and unredacted copy of the Report as directed by the Order. Based upon the representations of Gitto's counsel before the Bankruptcy Court, to counsel to the Committee, and in the Motion, the Committee submits that Gitto does not intend for the Order to be stayed with regard to the relief granted to the Committee therein. Out an abundance of caution, however, the Committee submits this limited opposition to ensure that the Committee will receive a complete and unredacted copy of the Report as provided for by the Order.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order: (i) denying the Motion to the extent that it seeks to prohibit the Examiner from transmitting to the Committee a complete and unredacted copy of the Report as directed by the Order; and (ii) granting to the Committee such other and further relief as the Court deems proper and just.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
OF GITTO GLOBAL CORPORATION

By its attorneys,

/s/ Michael J. Fencer
_____
Bruce F. Smith (BBO No. 467900)
Michael J. Fencer (BBO No. 648288)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500
mfencer@jagersmith.com

Dated: February 21, 2005

## **CERTIFICATE OF SERVICE**

    I, Michael J. Fencer, hereby certify that on the 21st day of February 2005, I caused a true and accurate copy of the within *Limited Objection of Official Committee of Unsecured Creditors to Appellant's Emergency Motion for Stay of the Bankruptcy Court's Order of February 9, 2005 Releasing the Report of the Examiner* to be served upon the parties on the attached service list, who do not otherwise receive electronic notice of filing, via electronic mail, and first class mail, postage pre-paid.

                                                  /s/ Michael J. Fencer
                                                  _____
                                                  Michael J. Fencer

*In re Gitto Global Corporation*
Case No. 04-45386-JBR

Service List

| | |
|---|---|
| Harold B. Murphy, Esq.<br>Andrew G. Lizotte, Esq.<br>Hanify & King, P.C.<br>One Beacon Street<br>Boston, Massachusetts 02108<br>  *Attorneys for the Debtor* | Douglas B. Rosner, Esq.<br>Rafael Klotz, Esq.<br>Christian J. Urbano, Esq.<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, Massachusetts 02110<br>   *Attorneys for LaSalle Business Credit, LLC* |
| Charles L. Glerum, Esq.<br>John F. Ventola, Esq.<br>Lisa E. Herrington, Esq.<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, Massachusetts 02109<br>  *Attorneys for the Chapter 11 Examiner* | David M. Nickless, Esq.<br>Janice G. Marsh, Esq.<br>Nickless & Phillips<br>495 Main Street<br>Fitchburg, Massachusetts 01420<br>   *Attorneys for Gary C. Gitto* |
| Richard King, Esq.<br>Lisa D. Tingue, Esq.<br>Office of the United States Trustee<br>446 Main Street, 14th Floor<br>Worcester, Massachusetts 01608<br>  *Office of the United States Trustee* | Max D. Stern, Esq.<br>Stern, Shapiro, Weissberg & Garin, LLP<br>90 Canal Street<br>Boston, Massachusetts 02114<br>   *Attorneys for Gary C. Gitto* |
| Richard M. Bendix, Esq.<br>Christopher M. Cahill, Esq.<br>Schwartz, Cooper, Greenberger, Krauss, Chtd.<br>180 North LaSalle Street, Suite 2700<br>Chicago, Illinois 60601<br>  *Attorneys for LaSalle Business Credit, LLC* | Peter J. Caruso, Esq.<br>Caruso & Caruso LLP<br>One Elm Square<br>Andover, Massachusetts  01810<br>*Attorneys for MediaNews Group* |
| | Melissa G. Liazos, Esq.<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, Massachusetts 02110<br>*Attorney for Worcester<br>  Telegram & Gazzette* |

7