UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re GITTO GLOBAL CORPORATION,<br>    Debtor. | Chapter 11<br>Case No. 04-45386 JBR |
| GARY GITTO,<br><br>    Appellant.<br><br>v.<br><br>WORCESTER TELEGRAM & GAZETTE<br>CORP., MEDIANEWS GROUP, INC.,<br>CHARLES L. GLERUM, EXAMINER,<br>and PHOEBE MORSE, UNITED STATES<br>TRUSTEE,<br><br>    Respondents. | Bankruptcy Appeal<br>No. 05-CV-10334 DPW |

**EXAMINER'S OPPOSITION TO APPELLANT'S EMERGENCY
MOTION FOR STAY OF THE BANKRUPTCY COURT'S ORDER OF
FEBRUARY 9, 2005 RELEASING THE REPORT OF THE EXAMINER**

Gary Gitto's Emergency Motion seeks to require the Bankruptcy Court to seal a Report rather than enter it on the public docket. The Bankruptcy Court examined the issues thoroughly. It reviewed more than 26 pleadings, held a hearing, and entered a comprehensive Memorandum Of Decision dated February 9, 2005 (copy attached to Gary Gitto's Emergency Motion as Exhibit A). Gary Gitto has not cited any sufficient basis for overturning the Bankruptcy Court's ruling or for staying its effect.

1.  This Opposition is filed by Charles Glerum in his role as the Examiner appointed by the Bankruptcy Court ("the Examiner"). The Examiner has no interest in the outcome of any of the civil, criminal or equitable proceedings involving Gary Gitto and Gitto Global Corporation. Rather, the Examiner conducted an investigation and

submitted a Report as directed by the Bankruptcy Court. The Examiner's only interest is to carry out the directive of the Bankruptcy Court.

2. The Examiner's Report runs 154 pages. The Examiner has submitted his Report to the Bankruptcy Court, and once this was done, the Report became subject to 11 U.S.C. Section 107. As relevant here, Section 107 ensures public access to each paper filed in a bankruptcy proceeding unless there is "scandalous or defamatory material contained" in it. See Memorandum Of Decision at 6.

3. In order to obtain a seal, therefore, Gary Gitto must show that statements in the Examiner's Report are "scandalous" or "defamatory". In fact, the statements in the Report are not scandalous or defamatory. The Examiner tried his best to be even-handed in conducting his investigation. See id. at 12-15. "In conducting its own analysis, the Court concludes that there is nothing scandalous or defamatory in the Report." Id. at 12.

4. Notably, Gary Gitto's Emergency Motion does not even assert that the Examiner's Report is scandalous or defamatory. Rather, Gary Gitto asserts that "[t]he Examiner's Report contained highly prejudicial allegations and conclusions against the appellant." Emergency Motion at ¶ 2. This assertion is not sufficient to justify a seal, as the Bankruptcy Court explained. See Memorandum Of Decision at 9. Moreover, Gary Gitto has not filed any materials in support of his motion, which is required by Local Rule 7.1(B), and he has not provided "a particular factual demonstration of potential harm," which is required to support a motion for a seal under the case law. See FTC v. Standard Financial Management Corp., 830 F.2d 404, 412 (1st Cir. 1987) ("We decline to accept conclusory assertions as a surrogate for hard facts."). For these reasons, also, Gary Gitto's motion should not be granted.

5. In order to sustain his appeal, Gary Gitto must demonstrate that the Bankruptcy Court's findings of fact are clearly erroneous, or else that its analysis rests on errors of law. Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995). Yet the Emergency Motion does not show any errors of fact or of law.

6. In order to obtain a stay pending appeal: "(1) The applicant must make a strong showing that he is likely to succeed on the merits of the appeal; (2) The applicant must show that, unless a stay is granted, he will suffer irreparable injury; (3) The applicant must show that no substantial harm will be suffered by other interested parties; [and] (4) The Court must find that granting the stay will not harm the public interest." In re Great Barrington Fair and Amusement, Inc., 53 B.R. 237, 239 (Bankr. D. Mass. 1985). As noted above, Gary Gitto has not submitted any materials in support of his Emergency Motion. Gary Gitto merely asserts in conclusory fashion that "[t]he release of the Examiner's Report to the public poses a genuine risk of substantial harm to the appellant and will irreparably impair Mr. Gitto's ability to obtain a fair trial in any ensuing criminal proceeding." Emergency Motion at ¶ 8. In December the Examiner had concern that there might exist a risk of harm to the investigative process if the Report were released prematurely, and the Examiner pointed this out to the Bankruptcy Court. Since then, however, the Bankruptcy Court has provided the interested parties with ample opportunity to brief the issue, and it has applied a comprehensive analysis. Gary Gitto has not made any showing that the analysis of the Bankruptcy Court is incorrect.

Accordingly, the Bankruptcy Court's thorough ruling should not be stayed.

Dated: February 21, 2005

        Respectfully submitted,
        CHARLES L. GLERUM AND CHOATE,
        HALL & STEWART, as Chapter 11
        Examiner

        /s/ G. Mark Edgarton
        Charles L. Glerum, P.C. (BBO# 195240)
        Robert M. Buchanan, Jr. (BBO# 545910)
        John F. Ventola (BBO# 567972)
        G. Mark Edgarton (BBO# 657593)
        CHOATE, HALL & STEWART LLP
        Exchange Place
        53 State Street
        Boston, Massachusetts 02109
        medgarton@choate.com
        (617) 248-5000

3832181v1

- 5 -

## CERTIFICATE OF SERVICE

I, G. Mark Edgarton, hereby certify that on the 21st day of February 2005, I caused a true and accurate copy of the Examiner's Opposition to Appellant's Emergency Motion for Stay of the Bankruptcy Court's Order of February 9, 2005 Releasing the Report of the Examiner to be served upon the parties on the attached service list via electronic mail.

/s/ G. Mark Edgarton
G. Mark Edgarton

Harold B. Murphy, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108
hbm@hanify.com
*Attorneys for the Debtor*

Douglas B. Rosner, Esq.
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110
drosner@goulstonstorrs.com
*Attorneys for LaSalle Business Credit, LLC*

Michael J. Fencer
Jager Smith P.C.
One Financial Center
Boston, MA 02111
mfencer@jagersmith.com
*Attorneys for Creditors' Committee*

David M. Nickless, Esq.
Nickless & Phillips
495 Main Street
Fitchburg, MA 01420
Dnickless.nandp@verizon.net
*Attorneys for Gary C. Gitto*

Richard King, Esq.
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
By Facsimile: 508-793-0558
*Office of the United States Trustee*

Max D. Stern, Esq.
Stern, Shapiro, Weissberg, Garin, LLP
90 Canal Street
Boston, MA 02114
mdstern@sswg.com
*Attorneys for Gary C. Gitto*

Richard M. Bendix, Esq.
Schwartz, Cooper, Greenberger, Krauss, Chtd.
180 North LaSalle Street, Suite 2700
Chicago, IL 60601
rbendix@scgk.com
*Attorneys for LaSalle Business Credit, LLC*

Peter J. Caruso, Esq.
Caruso & Caruso LLP
One Elm Square
Andover, MA 01810
pcarusosr@carusoandcaruso.com
*Attorneys for MediaNews Group*

Melissa G. Liazos, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Melissa.liazos@bingham.com
*Attorneys for Worcester Telegram & Gazette*