UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re GITTO GLOBAL CORPORATION,<br>　　　Debtor.<br><br>GARY C. GITTO<br><br>　　　Appellant,<br><br>　　　v.<br><br>WORCESTER TELEGRAM & GAZETTE<br>CORP., MEDIANEWS GROUP, INC.,<br>CHARLES L. GLERUM, EXAMINER,<br>and PHOEBE MORSE, UNITED STATES<br>TRUSTEE,<br><br>　　　Respondents. | Bankruptcy Appeal<br>No. 05-CV-10334-DPW |

**RESPONSE OF BOWDITCH & DEWEY, LLP AND
MICHAEL P. ANGELINI TO
MOTION TO STAY ORDER DISCLOSING EXAMINER'S REPORT**

Bowditch & Dewey, LLP and Michael P. Angelini (hereafter described as "the law firm"), submit this response to the motion to stay the Bankruptcy Court's Order permitting public disclosure of the report of the Examiner. The law firm's position is that the Court should stay public disclosure of the report, at least until the matter can be decided after full briefing.

In the Bankruptcy Court below, the law firm moved that pages 131 to 135, pages 136 to 141, and portions of pages 153 and 154 be redacted before the report was disclosed to the public. The law firm had no objection to disclosure of the unredacted report to counsel for the Official Creditor's Committee, counsel for LaSalle Business Credit, LLC, and the Office of the United

States Trustee, so long as it was subject to a protective order barring further dissemination. The law firm has separately appealed from the Bankruptcy Court's order permitting public disclosure. Because the Court has scheduled a hearing in this case, the law firm is submitting herewith this response.

For many years, the law firm represented Gitto Global and its principals, Gary Gitto, Frank Miller, and Charles Gitto, on a variety of matters. Mr. Angelini was the partner at the firm with principal responsibility for the clients. Following the filing of the bankruptcy petition, the debtor waived its attorney-client privilege. The examiner subpoenaed the firm's files regarding its representation of Gitto Global. Approximately fifty boxes of files were made available for inspection by the examiner. Mr. Angelini was deposed for two days by the examiner.

The deposition was complicated because, in addition to representing Gitto Global, the firm also represented the principals in a variety of matters. During the deposition, there were a number of occasions when counsel for one or more of the principals – Gary Gitto, Frank Miller, or Charles Gitto – instructed Mr. Angelini to refrain from answering the examiner's questions because of an assertion of the attorney-client privilege for their respective, individual clients. Consistently with his professional responsibility, and the First Circuit's teaching on the matter, United States v. Edgar, 82 F.3d 499, 508 (1st Cir. 1996), Mr. Angelini respected those instructions, even though that prevented him from explaining his actions.

The examiner's report reflects the difficulties that arose at the deposition. See pages 22, 136-39. The examiner takes pains to emphasize the preliminary nature of his report, and acknowledges that further investigation will be necessary before any conclusions can be drawn. In these circumstances, it would be extremely unfair to the law firm to permit public disclosure

of a preliminary report such as this.  Here, the law firm will not be able to respond to public questions because of its professional obligation to safeguard the privileges and confidences of its former clients.

This is precisely one of the concerns that led the Second Circuit to hold that the privacy concerns of persons mentioned in a report by a court official appointed to monitor union activities overrode any public right of access.  United States v. Amodeo, 77 F.3d 1044 (2nd Cir. 1995)("Amodeo II").  The lower court had appointed a Court Officer to oversee the operation of a labor union as part of a consent decree.  The Officer filed a report with the district court, summarizing her review of the activities of a number of entities that provided services to the local union.  One of those entities was a law firm.  Newsday sought access to the report, apparently because the partner in charge of the firm's business with the union was Harold Ickes, who at the time was being considered for a position in the Clinton administration.  The law firm opposed release of the report, citing its privacy interests.  According to the court of appeals, the report exonerated the law firm of wrong-doing, although it contained a number of allegations about the law firm.  The court recognized that privacy interests are a "venerable common law exception to the presumption of access."  77 F.3d at 1051.  The Second Circuit held it to be especially important to consider "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein."  Id.  Where the firm would be unable to respond to the accusations in the report without revealing information that properly should be redacted, the court held that the law firm was entitled to have that part of the report sealed.  77 F.3d at 1052.

Public disclosure of the unredacted report in this case would be unfair to the firm.  The

examiner has not heard the complete story. Indeed, he has heard only a fraction of the story. It is not the fault of the firm that matters stand as they do; indeed, Mr. Angelini stood ready to answer all questions, and he fully answered those questions as to which no claim of privilege was asserted.

The firm would not be in a position to respond to public inquiry because it is still prohibited by the attorney-client privilege from revealing confidential information it obtained from individual clients. Compare Amodeo II, 77 F.3d at 1052, where the court acknowledged the bind the law firm would have faced if the Court Officer's report had been released.

In this case, the Court should stay the disclosure order at least until full briefing can be considered.

                                        Respectfully submitted,
Bowditch & Dewey, LLP and
Michael P. Angelini
By their counsel

s/ Charles W. Rankin
_____
Charles W. Rankin
BBO No 411780
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

### CERTIFICATE OF SERVICE

I certify that I have served the foregoing upon counsel for each of the parties by electronic filing and by fax on February 21, 2005.

s/ Charles W. Rankin
_____
Charles W. Rankin