UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: GITTO GLOBAL CORPORATION <br><br> GARY GITTO, <br>     Appellant, <br><br> v. <br><br> WORCESTER TELEGRAM & GAZETTE <br> CORP., et al., <br>     Appellees | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    **CIVIL ACTION No. 05-10334-DPW** <br> ) <br> ) <br> ) <br> ) <br> ) |

**EMERGENCY MOTION OF ORIX FINANCIAL SERVICES, INC. FOR
MODIFICATION OF ORDER ALLOWING MOTION TO STAY**

Orix Financial Services, Inc. ("Orix") hereby moves the Court on an emergency basis to modify its Order Allowing Motion to Stay dated February 22, 2005 (the "Order") so as to include Orix as one of the parties to whom disclosure of the Examiner's report is permitted.

In support of this Emergency Motion Orix states that:

1. In the Order of Judge Rosenthal entered in the Bankruptcy of Gitto Global Corp.("GGC") on February 9, 2005 at paragraphs No. 3-4, Orix was included, along with the Official Committee of Unsecured Creditors, the US Trustee and LaSalle Bank ("LaSalle") as a party entitled to receive the Examiner's Report. A copy of Judge Rosenthal's Order is annexed hereto as Exhibit "A."

2. Orix, like LaSalle, was one of the largest lenders to GGC and a victim of the apparent fraud perpetrated by that corporation and its principals. In fact Orix was owed in excess of $5.2 million at the time GGC filed for bankruptcy protection. That amount has been reduced to approximately $3.5 million as a result of the sale of Orix's collateral.

1

3.  Orix and LaSalle are in similar, if not identical, positions with regard to GGC and related claims against its principals and/or affiliates. There is no rational basis upon which the disclosure of the report to LaSalle and not to Orix can be justified. In fact, Judge Rosenthal's Order treats Orix and LaSalle's rights to the Examiner's Report identically and "in the same breath," so to speak.

4.  Orix is being prejudiced by not having the Examiner's Report at its disposal at this time, since it is deprived of the opportunity to seek to trace the ultimate disposition of the funds it loaned, and it is losing its ability to utilize the contents of the Examiner's Report to assess its options and avenues of recovery, while a competing and identically situated creditor (LaSalle) is not so hampered.

5.  Orix will treat the report with the same circumspection required of the parties to whom the report has already been released pursuant to the Order.

6.  Finally, the appeal before this Court by Gary Gitto addresses the rights of the media and other parties *not directly involved* in the GGC bankruptcy to obtain access to the Examiner's Report. Orix's right to see that Report, as a very large and active creditor of GGC, should not be tied to the rights of news organizations with very different reasons and bases for seeking to review copies of the Examiner's Report.

Wherefore Orix Financial Services, Inc. hereby moves the Court, on an emergency basis, to amend its Order of February 22, 2005 so as to add it as a party to whom disclosure of the examiner's Report is permitted.

                Respectfully submitted,
                ORIX FINANCIAL SERVICES, INC.
                By its attorneys

                _____
                James M. Liston (BBO # 301750)
                Richard E. Gentilli (BBO # 189080)
                Bartlett Hackett Feinberg P.C.
                10 High Street, Suite 920
                Boston, MA 02110
                Tel.:   (617) 422-0200
                Fax:   (617) 422-0383

S:\wordproc\bankruptcy\Orix\Gitto\USDC\EmergencyMTN.wpd

# EXHIBIT A

*United States Bankruptcy Court*
*District of Massachusetts*

IN RE

GITTO/GLOBAL CORP.,
DEBTOR

: CHAPTER 11
: CASE 04-45386
:

### FURTHER ORDER REGARDING REPORT OF CHAPTER 11 EXAMINER

For the reasons set forth in the Memorandum of Decision With Respect to Further Order Regarding the Report of Chapter 11 Examiner, dated February 9, 2005, it is hereby ORDERED:

1. The Examiner shall correct the Report (the "Corrected Report") to reflect those changes he believes should be made for the sake of completeness and accuracy as represented during the hearing. The Examiner shall redact bank account numbers from the Corrected Report and its exhibits.

2. The Examiner shall electronically file a copy of the Corrected Report, as redacted pursuant to paragraph 1, on February 23, 2005.

3. The Motion of the Official Committee of Unsecured Creditors for Order Directing Examiner to Provide Committee with Complete Unredacted Copy of the Examiner's Report [Docket # 473] and the Debtor's Motion for Limited Release of Unredacted Examiner's Report [Docket # 478] are ALLOWED. The Examiner is directed to furnish a copy of the Corrected Report containing bank account numbers to the Committee and the Debtor.

4. The Motion of the United States Trustee to Authorize Chapter 11 Examiner to Submit to the United States Trustee an Unredacted Copy of the Examiner's Report

[Docket # 459]; the Omnibus Limited Objection of LaSalle Business Credit LLC to Motions to Seal the Examiner's Report and Motion for an Order Directing the Examiner to Provide a Complete Unredacted Copy of the Examiner's Report to LaSalle Business Credit LLC [Docket # 474]; and the Omnibus Limited Objection of ORIX Financial Services, Inc. to Motions to Seal the Examiner's Report and Motion for an Order Directing the Examiner to Provide a Complete Unredacted Copy of the Examiner's Report to ORIX Financial Services, Inc. [Docket # 485] are SUSTAINED and the relief ALLOWED to the extent that these parties may receive the Corrected Report as redacted per paragraph 1. The Examiner's obligation to furnish copies of the Corrected Report to these parties shall be satisfied by the electronic filing of the Report as redacted.

5. The Objection of MediaNews Group, Inc. To Motions to Seal or Redact All or Part of the Examiner's Report [Docket # 482] and the Opposition of Intervenor/Plaintiff Worcester Telegram & Gazette Corporation to Motions to Seal the Report, or Portions Thereof, of the Chapter 11 Examiner [Docket # 484] are SUSTAINED as set forth in the Memorandum of Decision. The Examiner's obligation to furnish copies of the Corrected Report to these parties shall be satisfied by the electronic filing of the Corrected Report as redacted. **Nothing herein is intended to be nor shall be construed as a finding that any of the individuals named in the report are public figures, limited public figures, or quasi-public figures.**

6. The following motions seeking the sealing of all or part of the Report are DENIED: Docket Nos. 435; 436; 437; 438; 439; 443; 444;445; 448; 449; 453; 454;

456;457; 464; 465; 466; 467; 468; 477;479; 480; 481; 500; 502; 510; 511; and 513.

Dated: February 9, 2005

Joel B. Rosenthal
United States Bankruptcy Court

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: GITTO GLOBAL CORPORATION ) <br> ) <br> GARY GITTO, ) <br>     Appellant, ) <br> ) <br> v. ) <br> ) <br> WORCESTER TELEGRAM & GAZETTE ) <br> CORP., et al., ) <br>     Applellees ) <br> ) | **CIVIL ACTION No. 05-10334-DPW** |

**CERTIFICATE OF SERVICE**

I, Richard E. Gentilli, hereby certify that on March 2, 2005 a copy of the Emergency Motion of Orix Financial Services, Inc. for Modification of Order Allowing Motion to Stay was served on the individuals or entities on the attached service list by electronic service or first class mail, unless otherwise indicated.

                                                                  /s/ Richard E. Gentilli
                                                       Richard E. Gentilli (BBO # 189080)
                                                       Bartlett Hackett Feinberg P.C.
                                                       10 High Street, Suite 920
                                                       Boston, MA 02110
                                                       Tel.:  (617) 422-0200
                                                       Fax:  (617) 422-0383

1

In re: Gitto Global Corporation
Gary Gitto v. Worcester Telegram & Gazette Corp., et al
U.S. District Court Civil Action No. 05-10334-DPW

### Service List

Lillian M. Hirales, Esq.
Stern, Shapiro, Weissberg & Garin
90 Canal Street, Suite 500
Boston, MA 02114-2022

Max D. Stern, Esq,
Stern, Shapiro, Weissberg & Garin
90 Canal Street, Suite 500
Boston, MA 02114-2022

Lisa E. Herrington, Esq.
Choate, Hall & Stewart
53 State Street
Boston, MA 02109

Robert M. Buchanan, Jr.
Choate, Hall & Stewart
53 State Street
Boston, MA 02109

Aaron M. Wais, Esq.
Bingham & McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Melissa Georgia Liazos, Esq.
Bingham & McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Peter J. Caruso, Esq.
Caruso & Caruso, LLP
One Elm Square
Andover, MA 01810

Richard T. King, Esq.
Office of the U.S. Trustee
600 Main Street, Suite 200
Worcester, MA 01608

Charles W. Rankin, Esq.
Rankin & Sultan
1 Commercial Wharf N
Boston, MA 02110

Michael J. Fencer, Esq.
Jager Smith, P.C.
One Financial Center, 4th Floor
Boston, MA 02111