UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: GITTO GLOBAL CORPORATION | Chapter 11<br>Case No. 04-45386 |
| GARY GITTO,<br>Appellant<br><br>v.<br><br>WORCESTER TELEGRAM & GAZETTE,<br>CORP., MEDIANEWS GROUP, INC.,<br>CHARLES L. GLERUM, EXAMINER, and<br>PHOEBE MORSE, UNITED STATES<br>TRUSTEE,<br>Appellees | Bankruptcy Appeal<br>No. 05-CV-10334-DPW |

### UNITED STATES TRUSTEE'S MOTION FOR CLARIFICATION

The United States Trustee ("UST") moves this Court for clarification of its Order Allowing Motion to Stay and Procedural Order Setting Expedited Briefing Schedule, with respect to the protective order prohibiting further dissemination of the Examiner's Report which was the subject of the motion to stay. The UST seeks clarification that the protective order does not prohibit the UST from providing the information to the United States Attorney ("US Attorney"). The UST has a statutory duty to report this information to the US Attorney pursuant to 28 U.S.C. § 586(a)(3)(F). Moreover, the UST has conferred with counsel to Gary Gitto and Bowditch & Dewey, LLP, and both assent to the UST providing the US Attorney with a copy of the Examiner's Report, so long as the US Attorney is prohibited from further dissemination of the Report without court order. In further support of this motion, the UST states as follows:

**Procedural Background**

1. Gitto Global Corporation ("Gitto Global" or the "Debtor") filed a voluntary petition seeking reorganization under Chapter 11 of the United States Bankruptcy Code on September 24, 2004.

2. On October 7, 2004, the UST moved, on an expedited basis, for the appointment of a Chapter 11 trustee or, in the alternative, appointment of an examiner. This motion was predicated on the need, given the serious allegations of financial irregularity in this case, for a thorough investigation of Gitto Global's pre-petition conduct.

3. By Order dated October 14, 2004, the Bankruptcy Court appointed an examiner. The Bankruptcy Court ordered the Examiner to "immediately begin an investigation into the existence of any prepetition fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management and business affairs of the Debtor . . . ." The court further ordered that "the Examiner shall file a statement with the [Bankruptcy] Court, and transmit a copy of the same to the UST . . . ."

4. On December 8, 2004, the Examiner filed an Amended Motion to Submit Under Seal and Have Impounded the Examiner's Preliminary Report (the "Motion to Submit Under Seal"), through which the Examiner sought to file the Examiner's Report, or statement, under seal and to have the Bankruptcy Court impound the Report. In paragraph four of the Motion to Submit Under Seal, the Examiner states that upon filing the Report with the Bankruptcy Court, the Examiner will serve upon and provide copies of the Report to certain parties, including the United States Trustee.

5. By Order dated December 9, 2004, the Bankruptcy Court allowed the Motion to Submit Under Seal, "subject to allowance of any future motion of any Party in Interest seeking release of Report."

6. Following the entry of the December 9, 2004 Order, several parties in interest filed pleadings seeking release of the Report. After a hearing on January 5, 2005, the Bankruptcy Court entered Order Regarding Report of Chapter 11 Examiner. This Order instructed the Examiner to file the Report under seal with the Court by January 7, 2005 and to provide each person named in the Report a copy of the portion(s) of the Report in which he or she is named. Any named person could then seek, by motion filed by January 25, 2005, to have the Report sealed or redacted in part. Several parties did, in fact, moved to restrict public access to the Report. Several other parties moved, including the UST, for unfettered access to the Report.

7. On February 9, 2005, the Bankruptcy Court held a hearing on the motions seeking restrict and to gain access to the Report. On that date the Bankruptcy Court issued an order denying the motions to seal and ordering the Report to be made available to all parties and to the public.

8. On or about February 18, 2005, the Appellant noticed his appeal to this Court and moved the Bankruptcy Court for a stay of its February 9, 2005 order. The Bankruptcy Court denied the motion for stay.

9. On February 22, 2005, this Court allowed Appellant's motion to stay pending a decision on the merits with the exception that disclosure of the Report could be made to the Official Committee of Unsecured Creditors, LaSalle Bank, the Debtor, and the UST, or any

successor trustee. The Order further provides that "[p]arties are under a protective order not to further disseminate this information . . . ."

10. The UST is now in receipt of the Examiner's Report, and is thus now obligated to fulfill her statutory duty under 28 U.S.C. § 586(a)(3)(F). The UST seeks clarification that the Order does not prohibit her from doing so.

### The United States Trustee's Statutory Duty

11. Under 28 U.S.C. § 581(a), The Attorney General shall appoint a United States trustee for each of certain enumerated regions composed of Federal judicial districts.

12. "Each United States trustee shall be under the general supervision of the Attorney General, who shall provide general coordination and assistance to the United States trustees." 28 U.S.C. § 586(c).

13. The Attorney General also may appoint one or more Assistant United States trustees in any region. 28 U.S.C. § 582(a).

14. Each United States trustee and Assistant United States trustee is subject to removal by the Attorney General. 28 U.S.C. §§ 581(c), 582(b).

15. Each Unites States trustee and Assistant United States trustee must take an oath of office to execute faithfully his or her duties. 28 U.S.C. § 583.

16. The UST has a statutory duty, pursuant to 28 U.S.C. § 586(a)(3)(F), to "[notify] the appropriate Unites States Attorney of matters which relate to the occurrence of any action which may constitute a crime under the laws of the United States . . . ."

17. Pursuant to 18 U.S.C. § 3057(a), "[a]ny judge, receiver, or trustee" has the duty to report suspected violations of law to the appropriate authorities, and "[w]here one of such officers has made the report, the others need not do so." 18 U.S.C. § 3057(a); In re Williams, 99 B.R. 70, 72 (Bankr. D.N.M. 1989).

18. Because the UST has a statutory obligation to report to the appropriate US attorney, the obligations mandated by 18 U.S.C. § 3057(a) to report violations of law to the appropriate authority may be satisfied by reporting to the United States Trustee. Williams, 99 B.R. at 72 ("28 U.S.C. § 586(a)(3)(F) makes the Office of the United States Trustee an appropriate authority").

19. Transmission of the Examiner's Report to the US Attorney is merely an internal transmission to another agency within the United States Department of Justice, is consistent with the protective order, and will not prejudice the parties in that the clarification may provide that the US Attorney will, in turn, be bound by the protective order.

**WHEREFORE**, the United States Trustee prays that this Court enter a clarification of its Order Allowing Motion to Stay and Procedural Order Setting Expedited Brief Schedule indicating the United States Trustee is not prohibited from fulfilling her statutory duties by providing a copy of the examiner's report to the United States Attorney, and for such other relief as is right and just.

**Respectfully submitted,**

Phoebe Morse
United States Trustee,

By: _____
Lisa D. Tingue (BBO#633275)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Tel:(508) 793-0555
Fax:(508) 793-0558
lisa.d.tingue@usdoj.gov

Date: March 8, 2005

### Local Rule 7.19a)(2) Certificate

I, Lisa D. Tingue, certify that I have conferred with counsel for Appellant Gary Gitto and Bowditch & Dewey, LLP in a good faith attempt to resolve or narrow the issue. Both counsel for Gary Gitto and for Bowditch & Dewey, LLP assent to clarification that the United States Trustee may transmit the examiner's report to the United States Attorney's Office, provided that the US Attorney shall be prohibited from further disclosure of the report without leave of court.

By: _____
Lisa D. Tingue, Esq.,

## CERTIFICATE OF SERVICE

    I hereby certify that on March 8, 2005, I caused a true and accurate copy of the within *Motion for Clarification* to be served on the parties on the attached service list by electronic filing or first class mail.

By: _____
      Lisa D. Tingue, Esq.,

**SERVICE LIST**

Charles L. Glerum, Esq.
Choate, Hall & Stuart
53 State Street,
Boston, MA 02109
  *Attorneys for Chapter 11 Examiner*

Douglas B. Rosner, Esquire
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333

Richard M. Bendix, Esquire
Schwartz, Cooper, Greenberger, Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
  *Attorneys for LaSalle Business credit, LLC*

David M. Nickless, Esquire
Nickless and Phillips
495 Main Street
Fitchburg, MA 01420
  *Attorneys for Gary C. Gitto*

Harold B. Murphy, Esq.
Andrew G. Lizotte, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108
  *Attorneys for the Debtor*
Michael J. Fencer, Esq.
Jager Smith P.C.
One Financial Center
Boston, MA
  *Attorneys for Creditor's Committee*

Max D. Stern, Esq.
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA 02114
  *Attorneys for Gary C. Gitto*

Peter J. Caruso, Esq.
Caruso & Caruso, LLP
One Elm Square
Andover, MA 01810
  *Attorneys for MediaNews Group*

Melissa G. Liazos, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
  *Attorney for Worcester Telegram & Gazette*

Charles W. Rankin
Rankin & Sutton
One Commercial Wharf North
Boston, MA 02110