UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| In re GITTO GLOBAL CORPORATION, ) | |
|      Debtor. ) | Chapter 11 |
| ) | Case No. 04-45386 JBR |
| _____) | |
| GARY GITTO, ) | |
| ) | |
|      Appellant. ) | |
| ) | |
|   v. ) | |
| ) | Bankruptcy Appeal |
| WORCESTER TELEGRAM & GAZETTE ) | No. 05-CV-10334 DPW |
| CORP., MEDIANEWS GROUP, INC., ) | |
| CHARLES L. GLERUM, EXAMINER, ) | |
| and PHOEBE MORSE, UNITED STATES ) | |
| TRUSTEE, ) | |
| ) | |
|      Respondents. ) | |
| _____) | |

**BRIEF OF APPELLEE, THE EXAMINER**

CHARLES L. GLERUM AND CHOATE, HALL
& STEWART, as former Chapter 11 Examiner

/s/ Joseph M. Downes III
Charles L. Glerum, P.C. (BBO# 195240)
Robert M. Buchanan, Jr. (BBO# 545910)
John F. Ventola (BBO# 567972)
Joseph M. Downes III (BBO# 655853)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
jdownes@choate.com
(617) 248-5000

## Table of Contents

Page

FACTUAL BACKGROUND ......................................................................................................1

GOVERNING STATUTE .......................................................................................................2

STANDARD OF REVIEW .....................................................................................................3

ARGUMENT ..........................................................................................................................3

THIS APPEAL DOES NOT CONCERN AN ERRONEOUS FINDING OF
    FACT ............................................................................................................................3

THE BANKRUPTCY COURT CORRECTLY STATED THE GOVERNING
    LAW .............................................................................................................................3

I.        Congress Enacted A Public Right Of Disclosure In 11 U.S.C. § 107. ...............................4

II.       Public Access To Papers Filed With The Bankruptcy Court Plays A
          Significant Positive Role In The Functioning Of The Bankruptcy Process. ......................5

III.      Section 107 States A Sufficient Balance Between the Appellant's Privacy
          and the Public's Right to Access, And Supervenes The Balancing Tests
          That Have Been Fashioned In Other Cases. ....................................................................7

          A.      The material contained in the Examiner's Report is not defamatory. ...................8

          B.      The material contained in the Examiner's Report is not scandalous. ....................8

CONCLUSION........................................................................................................................9

## <u>Table of Authorities</u>

Page

**Cases**

F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404 (1st Cir. 1987) ............................................... 3

Globe Newspaper Co., v. Fenton, 819 F. Supp. 89 (D. Mass. 1993)......................................... 4, 5

Gustafson v. Alloyd Co., 513 U.S. 561 (1995)............................................................................ 5

In re 1243 20th Street, 6 B.R. 693 (Bankr. D.D.C. 1980) ............................................................ 6

In re Apex Oil Co., 111 B.R. 235 (Bankr. E.D. Mo. 1990) ........................................................ 7

In re Baldwin United Corp., 46 B.R. 314 (Bankr. S.D. Ohio 1985)............................................. 6

In re Cont'l Airlines, 150 B.R. 334 (D. Del. 1993) ....................................................... 3, 4, 5, 7, 8

In re Falk, 96 B.R. 901 (Bankr. D. Minn. 1989).......................................................................... 8

In re Nunn, 49 B.R. 963 (Bankr. E.D. Va. 1985) ........................................................................ 4

In re Phar-Mor, Inc., 191 B.R. 675 (Bankr. N.D. Ohio 1996).................................................. 4, 8

In re Public Service Co., 99 B.R. 177 (Bankr. D. N.H. 1989)...................................................... 7

In re UNR Industries, 72 B.R. 789 (Bankr. N.D. Ill. 1987).......................................................... 7

Int'l Distribution Centers, 74 B.R. 221 (S.D.N.Y. 1987) ........................................................... 6

Jeffrey v. Desmond, 70 F.3d 183 (1st Cir. 1995) ........................................................................ 3

Mass. School of Law at Andover v. Ame. Bar, 142 F.3d 26 (1st Cir. 1998) ................................ 8

Nixon v. Warner Comm., Inc., 435 U.S. 589 (1978)..................................................................... 8

United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995) ................................................................ 4

**Other Authorities**

King, L, 7 Collier on Bankruptcy ¶ 1104.03[1], 1104 (15th ed. 2004) ........................................ 6

**Rules of Court**

Fed. R. Bankr. P. 8013.................................................................................................................. 3

MLBR 9018-1 .............................................................................................................................. 8

**Statutes**

§107(b)...................................................................................................................................... 7, 8

11 U.S.C. § 107 ................................................................................................... 2, 3, 4, 5, 8

11 U.S.C. § 107(a) ......................................................................................................... 5

11 U.S.C. § 107(b)(1) .................................................................................................... 7

11 U.S.C. § 107(b)(2) .................................................................................................... 7

11 U.S.C. § 1104 ........................................................................................................... 1

11 U.S.C. §1106 ........................................................................................................ 5, 9

11 U.S.C. § 1106(a)(4)(A) ............................................................................................. 5

11 U.S.C. § 348(e) ........................................................................................................ 1

This Brief is submitted by Charles Glerum and Choate, Hall & Stewart LLP, as the Examiner appointed by the Bankruptcy Court pursuant to 11 U.S.C. § 1104 ("the Examiner"). The Examiner filed his report (the "Report") with the Bankruptcy Court as directed on January 7, 2005. The Examiner has no further role in the bankruptcy of Gitto Global Corporation,[1] and has no interest in the outcome of any of the legal, equitable or criminal proceedings involving Appellants. Consequently, the Examiner has no ongoing interest in whether the Report is kept under seal or disclosed. The Examiner submits this Brief in order to respond to the questions raised by the Court on February 22, 2005. The Examiner respectfully submits that the ruling of the Bankruptcy Court dated February 9, 2005 (the "Ruling") should be affirmed.

## FACTUAL BACKGROUND

Gitto Global Corporation initiated a Chapter 11 proceeding on September 24, 2004. On October 19, 2004, the Bankruptcy Court appointed the Examiner to investigate the affairs of the Corporation and to prepare a Report. The Examiner interviewed dozens of witnesses, reviewed thousands of pages of documents, and prepared a Report running more than 150 pages. A copy of the Report was filed with this Court, under seal, on March 1, 2005.

Before the Bankruptcy Court adopted the procedural directives that are at issue on this appeal, in papers filed on December 8, 2004 and December 16, 2004, the Examiner advocated that the Bankruptcy Court keep the Examiner's Report under seal. The Examiner took this position out of concern "to protect people who came forward with information" (A. 168) and to encourage them to continue cooperating with law enforcement authorities. In addition, the Examiner stressed that the Examiner's investigative conclusions are preliminary and are subject

---

[1]  The Bankruptcy Court converted the case to Chapter 7 on March 4, 2005. Pursuant to 11 U.S.C. § 348(e), the Examiner's appointment is terminated. Accordingly, Mr. Glerum and Choate, Hall & Stewart are the former Examiner of the debtor. Joseph Braunstein of Reimer & Braunstein was appointed Chapter 7 Trustee of Gitto Global Corporation.

to change as further information comes to light in the future.  See Ruling, pages 13-15.  The

newspapers, on the other hand, urged that the Report be unsealed, so that the public could view

newsworthy information.

The Bankruptcy Court directed a painstaking process for assessing the interests at stake.

The Bankruptcy Court directed the Examiner to serve on persons named in the Report only those

portions that pertained to them, Ruling, page 2, and the Examiner accordingly transmitted

approximately 120 different redacted versions of the Report.  The Bankruptcy Court then gave

these persons an opportunity to file submissions.  The Bankruptcy Court reviewed 28

submissions urging that the Report should be sealed, and held a hearing on them.  On February 9,

2005, the Bankruptcy Court determined that those who sought to seal the Report had not carried

their burden of proof, and ordered that the Report be made public.  Id. at 12.

Appellant Garry Gitto filed a Motion for Stay of the Bankruptcy Court's Order Releasing

the Report.  (A. 236).  The Bankruptcy Court denied the motion.  (A. 238).  Gary Gitto appealed

to this Court (the "Appeal").  The Court held a hearing (the "Hearing") on February 22, 2005,

and directed the parties (including the Examiner) to file expedited briefs.

## GOVERNING STATUTE

11 U.S.C. § 107 provides as follows:

Public access to papers

(a)    Except as provided in subsection (b) of this section, a paper filed in a case
under this title and the dockets of a bankruptcy court are public records
and open to examination by an entity at reasonable times without charge.

(b)    On request of a party in interest, the bankruptcy court shall, and on the
bankruptcy court's own motion, the bankruptcy court may -

(1)    protect an entity with respect to a trade secret or
confidential research, development, or commercial
information; or

2

(2)    protect a person with respect to scandalous or defamatory
matter contained in a paper filed in a case under this title.

## STANDARD OF REVIEW

This Court does not write on a blank slate.  The Bankruptcy Court's Ruling should be affirmed unless it was an abuse of discretion.  <u>F.T.C. v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 411 (1st Cir. 1987); <u>see also</u> <u>In re Cont'l Airlines</u>, 150 B.R. 334, 336-37 (D. Del. 1993).  In order to overturn the Ruling, Appellants must demonstrate that the Report rests on either (1) a clearly erroneous finding of fact, or (2) an error of law.  <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995); Fed. R. Bankr. P. 8013.

## ARGUMENT

## THIS APPEAL DOES NOT CONCERN AN ERRONEOUS FINDING OF FACT

The Bankruptcy Court's Ruling involved one principal finding of fact.  The Bankruptcy Court found that the Report does not contain scandalous or defamatory material.  Ruling, page 12.  Gary Gitto contends that this finding rested on an incorrect definition of "scandalous or defamatory," and hence he challenges this ruling as a matter of law.  <u>See</u> Brief Of Gary Gitto at 16-19.  Gary Gitto does not contend, however, that the Bankruptcy Court's finding was clearly erroneous as a matter of fact.  Accordingly, the findings of fact in the Ruling stand unchallenged, and this appeal involves only contentions of law.

## THE BANKRUPTCY COURT CORRECTLY STATED THE GOVERNING LAW

This Court asked the parties (including the Examiner) to address the applicable case law in light of the governing statute, 11 U.S.C. § 107.  That statute would appear to supervene the constitutional analysis that has been fashioned by this Court and other courts in other cases.

Section 107 codified the Supreme Court's <u>Nixon</u> decision [<u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589 (1978)] in the bankruptcy setting by recognizing the common-law right of public access,

3

> subject to the limited exceptions of confidential commercial
> information and scandalous or defamatory material.  <u>In re Nunn</u>,
> 49 B.R. 963, 964 (Bankr. E.D. Va. 1985).  Because congress
> enacted an express statutory scheme, issues concerning public
> disclosure of documents in bankruptcy cases should be resolved
> under § 107.

<u>In re Phar-Mor, Inc.</u>, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1996).

Notably, the governing statute here states a general rule in favor of public disclosure.  By contrast, in several of the important cases, the courts have addressed situations where a statute directs that information be kept under seal.  <u>See</u>, <u>e.g.</u>, <u>Globe Newspaper Co., v. Fenton</u>, 819 F. Supp. 89, 91 (D. Mass. 1993).  Also by contrast, in others of the previous cases, the courts have addressed situations where a member of the public, often a newspaper, sought disclosure of materials in the absence of a governing statute.  <u>See</u>, <u>e.g.</u>, <u>United States v. Amodeo</u>, 71 F.3d 1044 (2$^d$ Cir. 1995).  In these other circumstances, the courts have framed a constitutional analysis which may be briefly summarized in three questions:  (I)  Have the materials historically been available to the public; (II)  Does the availability of the materials play a significant positive role in the functioning of the particular process in question; and (III)  Is the public's right to access outweighed by a privacy interest?  <u>See</u> <u>Fenton</u>, 819 F. Supp. at 91; <u>see also</u> <u>Amodeo</u>, 71 F.3d at 1047-53.  Below we offer, briefly, the Examiner's observation on these factors as presented here.

**I.    Congress Enacted A Public Right Of Disclosure In 11 U.S.C. § 107.**

The public right of access to Bankruptcy Court filings has been established by Congress in 11 U.S.C. § 107.  Accordingly, there is no need to assess whether the public had a common law or historical right to view these materials.  <u>See</u>, <u>e,g</u>, <u>In re Cont'l Airlines</u>, 150 B.R. at 337 (". . . the Court finds that issues regarding public disclosure of papers filed in connection with the bankruptcy proceedings generally should be resolved under Section 107 since Congress has

promulgated an express statutory scheme addressing '[p]ublic access to papers' filed in bankruptcy cases.").

Subject to the exceptions discussed in Section III, *infra*, "a paper filed in a case under this title and the dockets of the bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).  The Examiner was plainly required to file his Report with the Bankruptcy Court pursuant to 11 U.S.C. § 1106(a)(4)(A), and therefore the Report is subject to the requirement stated in Section 107.

Gary Gitto argues that "the reference to 'filing' in §1106" does not mean the same as the reference to "filing" in Section 107.  Brief Of Gary Gitto at 12.  Standard principles of statutory construction teach that where Congress uses the same word – and a common, non-technical word at that – in two sections of the same statute, the word is presumed to have the same meaning in both places.  See Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995).  Gary Gitto points to the directive in Section 1106 that the Examiner must "transmit" copies of the Report as well as "file" them.  Brief Of Gary Gitto at 11-12.  The explanation for this provision is quite simple:  at the same time that the Examiner dockets ("files") his Report with the Bankruptcy Court, the Examiner also delivers ("transmits") a copy to the designated recipients.

## II.    Public Access To Papers Filed With The Bankruptcy Court Plays A Significant Positive Role In The Functioning Of The Bankruptcy Process.

The bankruptcy system in the United States is open to public view.  Congress enacted 11 U.S.C. § 107 because access to bankruptcy court records is indeed significant to the appropriate functioning of the Bankruptcy Court.  See In re Cont'l Airlines, 150 B.R. at 337-38; see also Fenton, 819 F. Supp. at 94 ("one of the demands of society is that the public should know what goes on in courts by being told by the press what happens there").

This Court asked the parties (including the Examiner) to state how the report of a bankruptcy examiner is used.

It is typical in Chapter 11 that pre-petition management stays in place post-petition. Since management is unlikely to investigate itself, and since it is often important for creditors to gain a base of information sufficient to assess whether they may have claims against management, shareholders, or others who have worked with the corporation, bankruptcy courts can appoint an examiner for the purpose of gathering such information. See Int'l Distribution Centers, 74 B.R. 221, 224 (S.D.N.Y. 1987). Contrary to Gary Gitto's assertions, quite often an examiner's duties are "primarily investigative." Int'l Distribution Centers, 74 B.R. at 224; L. King, 7 Collier on Bankruptcy ¶ 1104.03[1], 1104-34 (15th ed. 2004) ("examiner's role is primarily investigative"). As one court noted, "the appointment of an examiner is warranted whenever allegations of corporate fraud or misconduct are substantiated by credible evidence.... The role of the examiner requires that he be disinterested. Accordingly, the objective statement rendered may be of immeasurable importance in determining those matters relating to vital aspects of the reorganization case." In re 1243 20th Street, 6 B.R. 693, 686 (Bankr. D.D.C. 1980).

Thus, a purpose of a bankruptcy examiner's report is to provide a preliminary assessment of the evidence so that the creditors' committee and/or a subsequently appointed trustee may assess whether there are claims that should be brought on behalf of the bankruptcy estate. As the court explained in In re Baldwin United Corp., 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985): "we have always hoped that the Examiner's report and chronology would provide a useful tool for all parties in the many proceedings pending against the Debtors.... The benefits of [the Examiner's] investigative efforts flow solely to the debtor and to its creditors and

shareholders, but he answers solely to the Court…. While § 1106 requires the Examiner to file a 'statement' of his investigation, his findings do not have the binding effect on the Court or parties of those of a special master,[2] arbitrator or magistrate….."

An examiner may be appointed for a variety of other reasons as well as investigation. See, e.g., In re UNR Industries, 72 B.R. 789, 795 (Bankr. N.D. Ill. 1987) (examiner appointed to determine whether negotiations toward a plan of reorganization were at an impasse); In re Public Service Co., 99 B.R. 177, 182 (Bankr. D. N.H. 1989) (same); In re Apex Oil Co., 111 B.R. 235, 236 (Bankr. E.D. Mo. 1990) (examiner appointed, among other things, to mediate litigation in order to facilitate debtor's successful reorganization).

### III.   Section 107 States A Sufficient Balance Between the Appellant's Privacy and the Public's Right to Access, And Supervenes The Balancing Tests That Have Been Fashioned In Other Cases.

This Court asked whether Section 107 supervenes the analysis of public vs. private interests in this case. Transcript Of Hearing, page 7. If Section 107 had made no provision for protecting privacy, then the Court would need to fashion a protection. In fact, however, Congress has acted to balance the public's right of access against a private person's right of privacy. Congress has provided that the materials that are filed in the Bankruptcy Court shall be open to the public unless they contain "defamatory or scandalous" matter. 11 U.S.C. § 107(b)(2).[3] While in "other areas of the law, courts have relied on showings of 'compelling reasons' or balancing the interests of privacy and public right to know when reviewing a request for judicial non-disclosure . . . the mandatory language of §107(b) negates the need for such

---

[2]  The In re Cont'l Airlines court addressed the formal, filed report of a fee reviewer. The court reasoned that such a report is like the work of a special master, which is accessible to the public.  See In re Cont'l Airlines, 150 B.R. at 342. The court reasoned that such a report is not like the work of a court's law clerk, which should be exempt from disclosure. See id.

[3]  Congress also provided for protection where papers to be filed contain trade secrets or confidential research, development, or commercial information. See 11 U.S.C. § 107(b)(1). However, as the Bankruptcy Court recognized, Section 107(b)(1) is not relevant to the instant controversy. See Ruling, page 6.

inquiry." In re Phar-Mor, Inc., 191 B.R. at 679  (citations omitted).  The Examiner respectfully submits that the balance struck in 11 U.S.C. § 107 supervenes the need for a judicially fashioned balance.  In re Phar-Mor, Inc., 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995); In re Cont'l Airlines, 150 B.R. at 337.  See also Nixon v. Warner Comm., Inc., 435 U.S. 589, 605-06 (1978).

The Bankruptcy Court evaluated the arguments that were submitted below, and concluded that the matters complained of do not fall within the exception to the general rule of disclosure.  In particular, the Bankruptcy Court found that the Examiner's Report does not contain defamatory or scandalous material.  Ruling at 12.

Gary Gitto is simply not correct in asserting that the Bankruptcy Court failed to exercise discretion.[4]  "The [court's] discretion lies not in whether a court may protect an interested party, but in whether the matters complained of fall within the exception [of § 107(b)] and what type of protective remedy is necessary under the facts of each case."  In re Phar-Mor, 191 B.R. at 679.

A.    The material contained in the Examiner's Report is not defamatory.

Truth is a defense to a claim of defamation.  Mass. School of Law at Andover v. Ame. Bar, 142 F.3d 26, 42 (1st Cir. 1998).  Appellants made no showing in the Bankruptcy Court that the materials contained in the Report are false.  See Ruling, pages 9, 12.  Thus the Bankruptcy Court correctly ruled that the Report does not contain defamatory material.

B.    The material contained in the Examiner's Report is not scandalous.

Gary Gitto quotes Black's Law Dictionary, which defines the word "scandalous" as denoting " a matter that is both grossly disgraceful (or defamatory) and irrelevant to the action of the defense."  Brief Of Gary Gitto, page 17.  All of the material contained in the Report is

---

[4]  At pages 15-19 of his Brief, Gary Gitto relies heavily on the Massachusetts Local Bankruptcy Rules ("MLBR") 9018-1.  The MLBR are adopted for procedural purposes.  They do not purport to establish new rights of privacy or access.  Rather, they govern how the parties should proceed in asserting these rights.  If in any given case the MLBR might conflict with either the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, the MLBR would have no effect.  See In re Falk, 96 B.R. 901 (Bankr. D. Minn. 1989).

pertinent to the matter at hand, namely the Examiner's investigation of the affairs of Gitto Global

Corporation.  There is no material in the Report that was included for an irrelevant purpose.

Appellants made no showing in the Bankruptcy Court that any of the material contained in the

Report was included for an irrelevant purpose.  Thus the Bankruptcy Court correctly ruled that

the Report does not contain "scandalous" material.

## **CONCLUSION**

The Examiner filed his Report pursuant to Section 1106 of the Bankruptcy Code.  Section

107 provides that materials filed shall be subject to public disclosure unless they contain

scandalous or defamatory material.  The balance struck in this statute supervenes judicially

developed balancing tests, and the Bankruptcy Court did not abuse its discretion in applying the

statute.  Although the Examiner has no interest at stake in this appeal, the Examiner respectfully

submits that the Ruling of the Bankruptcy Court should be affirmed.

Dated:  March 9, 2005

Respectfully submitted,
CHARLES L. GLERUM AND CHOATE, HALL
& STEWART, as former Chapter 11 Examiner


/s/ Joseph M. Downes III
Charles L. Glerum, P.C. (BBO# 195240)
Robert M. Buchanan, Jr. (BBO# 545910)
John F. Ventola (BBO# 567972)
Joseph M. Downes III (BBO# 655853)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
jdownes@choate.com
(617) 248-5000

## CERTIFICATE OF SERVICE

I, Joseph M. Downes III, hereby certify that on the 9th day of March 2005, I caused a true and accurate copy of the Brief of Appellee, the Examiner to be served upon the parties on the attached service list via U.S. mail.


/s/ Joseph M. Downes III
Joseph M. Downes III

Harold B. Murphy, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA  02108

*Attorneys for the Debtor*

Michael J. Fencer
Jager Smith P.C.
One Financial Center
Boston, MA  02111

*Attorneys for Creditors' Committee*

Richard King, Esq.
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA  01608

*Office of the United States Trustee*

Richard E. Gentilli
Bartlett, Hackett, Feinberg
10 High Street, Suite 920
Boston, MA  02110

*Attorneys for Orix Financial Services, Inc.*

Jeffrey D. Sternklar, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210

*Attorneys for John Moritz*

Douglas B. Rosner, Esq.
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110

*Attorneys for LaSalle Business Credit, LLC*

Charles W. Rankin
Rankin & Sultan
1 Commercial Wharf N
Boston, MA  02110

*Attorneys for Bowditch & Dewey, LLP*

Juliane Balliro
Perkins Smith & Cohen, LLP
One Beacon Street
Boston, MA  02108

*Attorneys for Charles Gitto and Tradex Corporation*

Max D. Stern, Esq.
Stern, Shapiro, Weissberg, Garin, LLP
90 Canal Street
Boston, MA  02114

*Attorneys for Gary C. Gitto*

Peter J. Caruso, Esq.
Caruso & Caruso LLP
One Elm Square
Andover, MA  01810

*Attorneys for MediaNews Group*

Aaron M. Wais, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110

*Attorneys for Worcester Telegram & Gazette*

Lisa D. Tingue, Esq.
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA  01608

*Office of the United States Trustee*

3835743v1