UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE GITTO GLOBAL CORPORATION,<br><br>　　　　Debtor,<br><br>_____<br><br>GARY GITTO, CHARLES GITTO, and TRADEX CORPORATION,<br><br>　　　　Appellants,<br><br>　　v.<br><br>WORCESTER TELEGRAM & GAZETTE, CORP., MEDIANEWS GROUP, INC., CHARLES L. GLERUM, EXAMINER, and PHOEBE MORESE, UNITED STATES TRUSTEE,<br><br>　　　　Appellees. | CIVIL ACTION NOS.<br>05-10334-DPW |

**APPELLANT GARY GITTO'S MOTION FOR FURTHER STAY**

　　Appellant Gary Gitto has noticed his appeal from the Court's Memorandum and Order and Order of Dismissal of May 2, 2005. He hereby requests that the Court extend its temporary stay to Monday, May 16, 2005. In support thereof, appellant says as follows:

　　1. In its Memorandum and Order of May 2, 2005, the Court stayed disclosure of the Examiner's Report until 12 noon, Monday, May 9, 2005 to permit appellants an opportunity to seek further appellate relief. (Memorandum and Opinion, at p. 35).

　　2. The Court "decline[d] to enter an unlimited stay of this decision pending full appellate relief."

3. The Court granted the limited stay "because the issues considered herein are matters of first impression in the First Circuit [and] in order to afford the appellants some opportunity to protect against perceived harm to their interests from disclosure."

4. In fact, the issues considered are matters of first impression in any circuit. Appellant needs one further week properly to prepare a motion for stay, with supporting memorandum, to demonstrate the basis for his appeal to the First Circuit. The time provided does not allow for sufficient time for appellant to prepare a document up to task of dealing with the Court's 35 page Memorandum and to file it in time to have the Appeals Court adequately consider it before the stay expires. (Appellant's counsel also points out that this is Mother's Day weekend, which counsel had hoped to spend with his family.)

5. The relief sought here is limited and fair. Appellant does not seek an "unlimited stay" from this Court. The harm he seeks to protect against is indisputably irreparable – at least in the sense that once the report is released the appeal will be moot. Furthermore, no opposing party can seriously argue that it will be harmed by an additional one week delay.

    Respectfully submitted,

/s/ Max D. Stern
Max D. Stern
BBO No. 479560
Lillian Hirales
BBO No. 652698
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114

Dated: May 4, 2005
G:\SSWG\Gitto\Gitto-Global Bankruptcy\Impoundment Appeal\Motion for further stay.wpd